## TUFFY v. HUMPHREY.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE—PREJUDICIAL ERROR.

On the issue of want of probable cause in an action for malicious prosecution, the fact of the termination of the criminal case in favor of the accused therein being conceded by the pleadings, the admission of parol evidence of the testimony of witnesses at the trial of the criminal case was prejudicial error, the question of want of probable cause being a matter to be determined from the circumstances of the case at the time defendant instituted the prosecution of plaintiff.

Appeal from Trial Term, Oneida County.

Action by James Tuffy against Griffith Humphrey. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Josiah Perry, for appellant.

M. H. & W. J. Powers (M. H. Powers, of counsel), for respondent.

STOVER, J. This is an appeal from a judgment in favor of the plaintiff in an action for malicious prosecution. Defendant was the owner of a whey barrel that had been left at a cheese factory of which he was a patron. Going to the factory on one occasion, his attention was called to the fact that his whey barrel had been shot into. An examination showed that it had evidently been used as a target, and had been shot into a great many times, the shots perforating both sides of the barrel. Upon making inquiries, he was informed by one Pine that the plaintiff was the person, or one of the persons, who had been engaged in shooting into the barrel. The defendant took Pine, his informant, to a justice of the peace, and a complaint charging the plaintiff with a misdemeanor was made, Pine making a statement of the affair, which he alleged he had knowledge of. Trial was had, and the plaintiff was acquitted.

Upon the trial of this action neither the information nor the affidavit of Pine were produced, and it was alleged that they could not be found. Parol evidence was attempted to be given of the contents, but it is difficult to gather from the evidence just what the statements were before the justice. Parol evidence was admitted as to the testimony given by Pine upon the trial of plaintiff, from which it was claimed that he had made a statement contradicting the one made upon the application for the warrant. Parol evidence was also introduced as to the testimony given by other witnesses upon the trial before the justice. We think the judgment must be reversed by reason of error in the admission of testimony. The question at issue in this action was the lack of probable cause, and that was to be determined from the circumstances surrounding the case at the time the prosecution was instituted. The fact that the proceedings were terminated in favor of the defendant in the criminal proceedings was admitted by the pleadings, so that the proceedings upon the trial which resulted in the acquittal were not material to the issue. While the statements of the prosecutor himself might have been competent under some circumstances, he could not be bound by the statements of witnesses

introduced upon the criminal charge. If the testimony was material at all, it could only be so to prove an existing fact. There was no attempt upon the trial of the action to prove the fact, but a statement of an individual with reference to it was admitted in evidence. This was clearly hearsay and inadmissible. As the plaintiff made almost his entire case by the introduction of evidence as to what took place upon the trial of the criminal charge, it cannot be said that the defendant was not prejudiced by the admission of this testimony. As we think the judgment must be reversed for these reasons, it is not profitable to discuss the other questions contained in the briefs.

Judgment and order reversed, and new trial granted; costs to appellant to abide the event. All concur.